**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| REYES ALEXANDER MEZA-LOALLAS, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 20-73650 <br><br> Agency No. A206-015-820 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 10, 2022**
Phoenix, Arizona

Before: MURGUIA, Chief Judge, and O'SCANNLAIN and GRABER, Circuit
Judges.

Petitioner Reyes Alexander Meza-Loallas, a native and citizen of Guatemala,

seeks review of a final decision of the Board of Immigration Appeals ("BIA")

dismissing his appeal from an immigration judge's denial of Petitioner's

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We deny the petition.

1. Substantial evidence supports the BIA's conclusion that Petitioner did not show that he would be persecuted because of his membership in a purported particular social group. See Plancarte v. Garland, 9 F.4th 1146, 1151 (9th Cir. 2021) (reviewing for substantial evidence the factual findings that underlie the BIA's denial of asylum, withholding of removal, and CAT relief).

The BIA did not err in rejecting Petitioner's proposed social group—"future-oriented substantial steps to oppose gang activity"—as insufficiently particular. See Perdomo v. Holder, 611 F.3d 662, 665 (9th Cir. 2010) ("Whether a group constitutes a 'particular social group' . . . is a question of law we review de novo."). The proposed group's boundaries are too vague to meet the particularity requirement because the group includes those who oppose gang activity for any reason. See Reyes v. Lynch, 842 F.3d 1125, 1135 (9th Cir. 2016) (holding that the BIA "has long required that a particular social group have clear boundaries and that its characteristics have commonly accepted definitions"); Santos-Lemus v. Mukasey, 542 F.3d 738, 745–46 (9th Cir. 2008) (holding that "young men in El Salvador resisting gang violence" did not qualify as a proposed social group because the group was "too loosely defined to meet the requirement for

particularity" in that the group "include[d] any young men who for any reason resist gang violence and intimidation"), abrogated on other grounds by Henriquez-Rivas v. Holder, 707 F.3d 1081 (9th Cir. 2013) (en banc).

Accordingly, the BIA permissibly denied Petitioner's claims for asylum and withholding of removal.

2. Substantial evidence also supports the agency's conclusion that Petitioner failed to show that he will "more likely than not" face torture by the government if returned to Guatemala. 8 C.F.R. § 1208.16(c)(2). No evidence in the record shows that Petitioner had been tortured in Guatemala previously. Nor has Petitioner provided any particularized evidence that harm will be inflicted by or with the acquiescence of public officials. See Delgado-Ortiz v. Holder, 600 F.3d 1148, 1152 (9th Cir. 2010) (holding that generalized evidence of violence and crime that is not particular to petitioner is insufficient to meet the standard for CAT protection). And a petitioner's generalized fear of the possibility of harm in the future, no matter how sincere, cannot compel a conclusion contrary to that reached by the agency. See Lopez v. Sessions, 901 F.3d 1071, 1078 (9th Cir. 2018) (holding that a generalized threat of future harm "does not provide a sufficient basis to conclude that any harm . . . would rise to the level of torture"). Thus, the BIA permissibly denied CAT relief.

3

**PETITION DENIED.**